OPINION. Leech, Judge: The correctness of the respondent’s action with respect to both issues involves the basic question whether the capital stock of certain coal-mining companies which petitioner purchased constitutes capital assets, for determining its excess profits tax. Petitioner claimed as an ordinary loss the sum of $26,900, sustained from the sale of 300 shares of the capital stock of the Standard Banner Coal Co. The stock was acquired in 1937 at a cost of $27,500 and sold in December 1941 for $600. F’etitioner contends such shares were acquired as a necessary incident to the successful operation of its business and do not constitute capital assets within the purview of section 117 (a) (1) of the Internal Revenue Code.[1] The circumstances under which petitioner acquired the shares are set forth in our findings of fact. Petitioner relies upon Hercules Motors Corporation, 40 B. T. A. 999; Joe B. Fortson, 47 B. T. A. 158; Helvering v. Community Bond & Mortgage Corporation, 74 Fed. (2d) 727; and Bishop Trust Co., Ltd., 47 B. T. A. 737. In the Hercules case, supra, it was customary for the company to receive trade acceptances in lieu of cash in payment of goods and materials which it sold. The status of these acceptances as capital assets in the hands of the taxpayer was the issue. In the Fortson case, supra, bonds were received in lieu of cash for services performed. A similar question as to these bonds was there involved. In both cases it was properly found as a fact that they were held primarily for sale to customers in the regular course of the taxpayer’s business. Petitioner makes no claim that the securities involved were so held. Nor would the facts here support such a finding. In both the Community Bond & Mortgage Corporation case, supra, and the Bishop Trust Co., Ltd., case, supra, the securities were acquired for the purpose of minimizing further losses resulting from past acts in the conduct of their respective businesses. Petitioner purchased the Standard Banner Coal Co. shares to enable it to acquire and maintain a source of supply of coal. Petitioner further argues, the purchase of the shares, under the circumstances set forth, is similar to a “hedging transaction.” Kenneth S. Battelle, 47 B. T. A. 117; Ben Crote, 41 B. T. A. 247; Commissioner v. Farmers & Ginners Cotton Oil Co., 120 Fed. (2d) 772. We are unable to see the analogy. Petitioner was engaged in wholesaling coal and was not engaged in the purchase and sale of securities. The term “capital assets” means “property held by the taxpayer,” except (1) stock in trade or of the kind which would be properly included in the inventory of the taxpayer, (2) property held primarily for sale to customers in the ordinary course of business, and (3) property used in the trade or business of a character which is subject to the statutory allowance for depreciation. Under the facts presented, no one of the three exceptions applies to the shares of stock of the Standard Banner Coal Co. They are capital assets, as defined by section 117 (a), and the loss from the sale is not one falling within section 23 (f) of the code.[2] Since the shares were held for more than eighteen months, the loss is a long term capital loss, as defined in section 117 (a) (5), and the respondent properly excluded such loss as a deduction in computing petitioner’s excess profits net income under the provisions of section 711 (a) (2) (D) of the code.[3] Cf. Camp Manufacturing Co., 3 T. C. 467; Thompson Lumber Co., 43 B. T. A. 726. During all or some part of the taxable year, petitioner held, in addition to the stock of Standard Banner Coal Co., stock of the Diamond Coal Mining Co., the Ames Mining Co., and the River Transportation Co. As in the case of the Standard Banner Coal Co. shares, the primary purpose of their acquisition was to furnish petitioner with a source of coal, and they are likewise held to be capital assets. In determining petitioner’s invested capital and average invested capital under the provisions of sections 715 and 716 of the code for the-taxable year, respondent reduced average invested capital to the extent provided by section 720 (b) by reason of the shares of stock petitioner held in the four above mentioned companies. Respondent determined such shares to be inadmissible assets. Petitioner does not question the propriety of respondent’s computation in the event such shares are held to be capital assets. We have so found. Therefore, they are “inadmissible assets” as defined in section 720 (a) (1) (A) of the code.[4] The respondent’s determination is upheld. Decision will be entered for the respondent. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. — As used in this chapter— (1) Capital assets. — The term “capital assets” means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1) * * * SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions : ******* (f) Losses by Corporations. — In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. SEC. 711. EXCESS PROFITS NET INCOME. (a) Taxable Years Beginning After December 31, 1939. — The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13 (a) (2), for such year except that the following adjustments shall he made: ******* (2) Excess profits credit computed under invested capital credit. — If the excess» profits credit is computed under section 714, tile adjustments shall be as follows: ******* (D) Long-term Gains and Losses. — There shall be excluded long-term capital gains and losses. * * * SEC. 720. ADMISSIBLE AND INADMISSIBLE ASSETS. (a) Definitions. — For the purposes of this subchapter— (1) The term "inadmissible assets” means— (A) Stock in corporations except stock in a foreign personal-holding company, and except stock which' is not a capital asset; and [[Image here]]